NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ESTRADA, | No. 15-17230 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00919-LJO-DLB |
| v. | |
| GIPSON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted January 18, 2017**

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

California state prisoner David Estrada appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Estrada's failure to protect claim against defendants Espinosa, Gipson, Lambert, and Cavazos because Estrada failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent to a threat to Estrada's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he "knows of and disregards an excessive risk to inmate . . . safety"); *Starr v. Baca*, 652 F.3d 1202, 1207-8 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court properly granted summary judgment on Estrada's retaliation claim against defendants Espinosa and Gipson because Estrada failed to raise a genuine dispute of material fact as to whether these defendants' actions did not advance a legitimate correctional purpose. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim in the prison context).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including Estrada's reference to the district court's discovery orders. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider Estrada's arguments regarding the district court's

15-17230

screening order.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (matters

not properly raised before the district court are waived).

**AFFIRMED.**